IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C L ABOR and MICHAELA NICOLE ABOR, § § | | |
| Plaintiffs, § § | | |
| v. § | No. 3:24-CV-02205-B-BW | |
| § | | |
| PLANET HOME LENDING LLC, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court are the motions for a preliminary injunction and temporary restraining order ("TRO"), received on August 27, 2024 (Dkt. Nos. 4-5), and motion for an emergency hearing for a preliminary injunction, received on August 28, 2024 (Dkt. No. 8), filed by C L Abor and Michaela Nicole Abor ("Plaintiffs"). Based on the relevant filings and applicable law, the motions should be **DENIED**.

In their motions, Plaintiffs seek *ex parte* injunctive relief in the form of a preliminary injunction and TRO in connection with foreclosure proceedings that resulted in the sale of their home on April 2, 2024. (*See generally* Dkt. Nos. 4-5.) Plaintiffs' request for injunctive relief prior to properly effecting service implicates Federal Rule of Civil Procedure 65(b)(1). Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[1] By reference order dated August 27, 2024, this *pro se* case has been referred to the undersigned United States magistrate judge. (*See* Dkt. No. 7.)

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In this case, Plaintiffs, who are representing themselves, have failed to allege specific facts showing that immediate and irreparable harm will result if a TRO is not issued. Their allegations on the issue of alleged "immediate and irreparable" harm are either wholly conclusory, speculative, or have already occurred, as Plaintiffs admit that their home was sold at a foreclosure sale on April 2, 2024. (*See* Dkt. No. 4 at 2 (alleging irreparable harm of loss of their home and equity, damage to their credit rating, emotional damages, and continued public humiliation and defamation); Dkt. No. 5 at 2 (alleging irreparable harm of loss of home ownership and equity); Dkt. No. 8 (alleging additional irreparable harm of costs of relocation and new housing, legal costs in defending eviction proceedings, and loss of a stable living environment).) The court further notes that Plaintiffs' delay in seeking injunctive relief until nearly five months *after* their home was sold in a foreclosure sale "militates against the issuance of a TRO or preliminary injunction." *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L, 2016 WL 4944370, at *16 (N.D. Tex. Sept. 16, 2016). Nor have Plaintiffs certified in writing any efforts made to give notice to the defendants and why notice should not be required before injunctive relief is ordered. As such, they have failed to comply with the legal requirements of Rule 65(b)(1), and such warrants denial of their motions seeking injunctive relief.

Further, on the merits, to obtain a TRO or preliminary injunction, Plaintiffs must show (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury

outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *See Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013). Plaintiffs' motions contain, at best, only conclusory allegations on these four requirements. (*See* Dkt. No. 4 at 2; Dkt. No. 5 at 1-2; Dkt. No. 8 at 4.) Accordingly, Plaintiffs have not satisfied their burden of showing that they are entitled to a preliminary injunction or TRO on this additional basis.

For these reasons, the court should **DENY** Plaintiffs' motions for a preliminary injunction and temporary restraining order, received on August 27, 2024 (Dkt. Nos. 4-5), and motion for an emergency hearing for a preliminary injunction, received on August 28, 2024 (Dkt. No. 8).

**SO RECOMMENDED** on September 4, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).