IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C L ABOR and MICHAELA NICOLE ABOR, § § | | |
| Plaintiffs, § § | | |
| v. § | No. 3:24-CV-02205-B-BW | |
| § | | |
| PLANET HOME LENDING LLC, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On February 3, 2025, Plaintiffs C L and Michaela Abor, proceeding pro se, filed an Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction seeking to enjoin state officials and others from persisting in eviction proceedings against Plaintiffs in state court. (Dkt. No. 56 ("Mot.").) The emergency motion should be **DENIED**.

### I. BACKGROUND

This case involves claims arising out of a foreclosure sale on residential property. Plaintiffs initiated this action against Defendant Planet Home Lending LLC ("Planet") on August 27, 2024. (*See* Dkt. No. 3.) When they filed the lawsuit, Plaintiffs also sought a temporary restraining order and preliminary injunction seeking to prevent their removal from the home. (*See* Dkt. Nos. 4, 5.) The Court denied Plaintiffs' request for injunctive relief. (Dkt. Nos. 14, 16.)

Plaintiffs have renewed their request for injunctive relief. In the renewed motion, Plaintiffs allege that a state court in Kaufman County issued an eviction order against

---

[1] By reference order dated August 27, 2024, this *pro se* case has been referred to the undersigned United States magistrate judge. (*See* Dkt. No. 7.)

Plaintiffs on January 31, 2025, and they allege that the state court wrongfully entered that order while this lawsuit is pending. (Mot. at 2.) Plaintiffs ask this Court is enjoin Planet and state officials from moving forward with their eviction.

## II. LEGAL STANDARDS

To obtain a TRO or preliminary injunction, a Plaintiffs must establish that (1) they are likely to succeed on the merits of their claims, (2) there is a substantial threat of irreparable injury if the Court does not grant the relief they request, (3) the threatened injury outweighs any harm that will result from granting the injunction, and (4) the grant of injunctive relief will not disserve the public interest. *Clark v. Bank of Am. NA*, No. 3:12-CV-1277-N-BK, 2012 WL 4795597, at *1 (N.D. Tex. Sept. 7, 2012) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)), *accepted*, 2012 WL 4793439 (N.D. Tex. Oct. 9, 2012). "Courts in this circuit have made clear that preliminary injunctions and TROs constitute 'extraordinary and drastic remedies,' which are 'not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Calhoun v. Stearns Lending, LLC*, No. 4:19-CV-55-ALM-CAN, 2019 WL 12373472, at *1 (E.D. Tex. Mar. 25, 2019) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)) (brackets omitted).

Because Plaintiffs' motion seeks an order effectively halting proceedings in state court, it implicates the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, which "generally bars federal courts from granting injunctions to stay proceedings in state courts." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008). Section 2283 states specifically that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The AIA "is an

absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970)).

Plaintiffs' motion also implicates the *Rooker-Feldman* doctrine. *See Mitchell v. Greenville Prop. Owners, LLC*, No. 3:21-CV-3103-L-BH, 2022 WL 689010, at *1 n.2 (N.D. Tex. Feb. 16, 2022), *accepted*, 2022 WL 686715 (N.D. Tex. Mar. 8, 2022). That doctrine "divests federal district courts of jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at *1 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify orders of state courts.'" *Id.* (quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)) (brackets omitted).

### III.  ANALYSIS

The AIA prohibits injunctive relief in this instance. Courts in this circuit routinely conclude that the AIA precludes the issuance of injunctions to halt eviction proceedings such as these. *See Calhoun*, 2019 WL 12373472, at *2 (collecting cases and noting that "[o]ther federal district courts presented with similar circumstances have held that the Anti-Injunction Act prevents a federal district court from enjoining the prosecution of a forcible detainer suit." (quoting *Hernandez v. PreCab, Inc.*, No. 1:15-CV-275, 2015 WL 1274785, at *1 (E.D. Tex. Aug. 25, 2015)); *see also Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013). Because Plaintiffs' motion fails to show that any of the exceptions to the

AIA exists here, the Court is unable to interfere in the state court proceedings. *See Brooks v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3443-G-BH, 2018 WL 3422138, at *3 (N.D. Tex. June 21, 2018), *accepted*, 2018 WL 3417230 (N.D. Tex. July 13, 2018); *see also Alexander v. Dallas Cnty. Health & Human Servs. Dep't*, No. 3:23-CV-2776-S-BT, 2024 WL 816263, at *3-4 (N.D. Tex. Jan. 16, 2024) (declining to enjoin state court eviction proceedings based on *Younger v. Harris*, 401 U.S. 37 (1971)), *accepted*, 2024 WL 812024 (N.D. Tex. Feb. 27, 2024). The *Rooker-Feldman* doctrine further supports the Court's refusal to interfere with state court proceedings. *See Omoloh v. Bank of Am., N.A.*, No. 4:17-CV-00160-O-BP, 2017 WL 2616006, at *5 (N.D. Tex. May 16, 2017), *accepted*, 2017 WL 2599194 (N.D. Tex. June 15, 2017).

Even if the AIA did not preclude the relief sought, Plaintiffs have failed to establish the elements required to obtain injunctive relief. Plaintiffs' bullet-point statements do not satisfy their burdens on the four elements for injunctive relief. (*See* Mot. at 3-4.) As noted in connection with Plaintiffs' prior request for injunctive relief, the allegations in the instant motion are largely conclusory and fall far short of satisfying Plaintiffs' burden. (*See* Dkt. No. 14 at 3.) *See Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2012 WL 3848122, at *3 (N.D. Tex. Sept. 5, 2012) ("Unsupported conclusory statements . . . are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction.").

For the foregoing reasons, the District Judge should **DENY** Plaintiffs' Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction filed on February 3, 2025 (Dkt. No. 56).

**SO RECOMMENDED** on February 7, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).