IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| C L ABOR and MICHAELA NICOLE ABOR, § § § § | |
| Plaintiffs, § | |
| § | |
| v. § | No. 3:24-CV-02205-B-BW |
| § | |
| PLANET HOME LENDING LLC, et al., § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. No. 49) and Motion for Leave to File Second Amended Complaint (Dkt. No. 50), both filed on January 22, 2025, and both of which failed to attach a copy of the proposed amendment as required by N.D. Tex. Civ. R. 15.1(b). Also pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 55), filed on January 30, 2025, which properly attaches a copy of the proposed amendment as required by Local Rule 15.1(b).

This case was referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 7.)  For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 55) be **DENIED**, and Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. No. 49) and

Motion for Leave to File Second Amended Complaint (Dkt. No. 50), improperly filed without a copy of the proposed amendment, be **DENIED AS MOOT**.

## I. BACKGROUND

This is an action involving foreclosure of real property located at 2118 Devonblue Drive, Forney, Texas 75126 (the "Property"). (*See* Dkt. No. 3 ("Orig. Compl.").) On August 27, 2024, Plaintiffs C L and Michaela Nicole Abor, proceeding pro se, filed their Original Complaint with Jury Demand against Defendants Planet Home Lending, LLC ("Planet Home") and Auction.com, LLC. (*See* Dkt. No. 3 ("Orig. Compl.").) Plaintiffs are the owners of the Property (*see id.* ¶¶ 6, 7); Planet Home is the current mortgage servicer of the loan on the Property (*see id.* ¶¶ 8, 11); and Auction.com was involved in facilitating the foreclosure sale of the Property (*see id.* ¶¶ 9, 43).[1] Plaintiffs' Original Complaint asserted claims for breach of contract, fraudulent misrepresentation, slander of title, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), wrongful foreclosure, violation of RESPA, and violation of the Federal Trade Commission Act ("FTCA"). (*See id.* ¶¶ 29-74.)

On March 10, 2023, Plaintiffs executed a note in the amount of $505,882.00, payable to AmCap Mortgage, Ltd. DBA Gold Financial Services ("AmCap") ("(the "Note"). (*See* Orig. Compl. ¶ 10.) Plaintiffs attached a copy of the Note to the

---

[1] On September 24, 2024, Plaintiffs stipulated to dismissal without prejudice pursuant to Fed. R. Civ. P. 41, as to Auction.com only. (*See* Dkt. No. 19.)

Original Complaint.  (*See id*. Ex. A at 18-20.)  On April 2, 2023, Plaintiffs received a notice of servicing transfer from AmCap to Planet Home.  (*See id*. ¶ 11, Ex. B at 21-22.)  Plaintiffs allege that, "[o]n November 13, 2023, and again on December 1, 2023, [they] sent notices of rescission to [Planet Home], exercising their right under TILA to rescind the alleged loan due to discrepancies in the loan terms and lack of proper disclosures."  (*See id*. ¶ 12; Ex. C at 23; Ex. D at 24-26).

On December 4, 2023, Planet Home issued a Notice of Default and Intent to Accelerate, when Plaintiff had an amount due at that time of $11,249.50.  (*See id*. ¶ 13; Ex. E at 27-28.)  On January 29, 2024, Plaintiffs received a Notice of Substitute Trustee's Sale.  (*See id*. ¶ 22; Ex. I at 39-40.)  On April 2, 2024, the loan was foreclosed, and the property was sold at auction by Auction.com.  (*See id*. ¶ 24; Ex. L1 and L2 at 62-63.)  Notably, nothing in Plaintiffs' Original Complaint alleges that they timely paid their monthly mortgage payments.

On December 2, 2024, the Court entered a pretrial scheduling order, establishing January 24, 2025, as the deadlines for amended pleadings and joinder of parties (Dkt. No. 34.)  On December 5, 2024, Plaintiffs filed their First Amended Complaint.  (Dkt. No. 35).  The First Amended Complaint appears to be identical to the Original Complaint, asserting identical causes of action, except Plaintiffs added Bernard Boteju d/b/a Bernard Management ("Bernard") as a Defendant.[2]  (*See* Dkt.

---

[2] It does not appear that Bernard has been served with process in this lawsuit, as Plaintiffs' Affidavit of Service (Dkt. No. 51) indicates that Plaintiff Michaela Abor personally served Bernard via certified mail, in violation of Rule 4(c)(1).  (*See* Dkt. No. 51.)

No. 35 ¶ 8.) Plaintiffs identify Bernard as the individual who purchased the Property through a foreclosure sale. (*See id*.) The First Amended Complaint also names Auction.com as a defendant—even though Plaintiffs had previously dismissed Auction.com without prejudice (*see* Dkt. No. 19). (*See* Dkt. No. 35 ¶ 9.) The First Amended Complaint also references the same exhibits as Plaintiffs' Original Complaint but notably, while the Original Complaint attaches copies of the referenced exhibits, the First Amended Complaint does not. (*Compare* Dkt. No. 35 *with* Dkt. No. 3.)

Planet Home timely filed an answer to the First Amended Complaint on December 19, 2024. (*See* Dkt. No. 38.) On December 30, 2024, Plaintiffs filed a motion, pursuant to Fed. R. Civ. P. 12(f), to strike Planet Home's answer (Dkt. No. 41), to which Planet Home filed a response (Dkt. No. 46). That motion remains pending.

On January 22, 2025, before the deadline to amend pleadings, Plaintiffs filed a Motion for Leave to File First Amended Complaint (Dkt. No. 49) and a Motion for Leave to File Second Amended Complaint (Dkt. No. 50), both of which were deemed deficient due to Plaintiffs' failure to attach the proposed amended pleading as required by N.D. Tex. Civ. R. 15.1(b) and their failure to comply with the conference requirements in N.D. Tex. Civ. R. 7.1. (*See* Dkt. Nos. 52, 54.) On January 24, 2025, the Court issued a Notice of Deficiency and Order as to those submissions and ordered Plaintiffs to correct the deficiency and file the appropriate

documents (a motion for leave to amend and a proposed amended complaint) no later than January 29, 2025, at 3:00 p.m. (Dkt. No. 52.)

Then, on January 30, 2025, Plaintiffs filed another Motion for Leave to File Second Amended Complaint (Dkt. No. 55), which included a certificate of conference (*see id.* at 3), as well as a copy of the proposed amended complaint (Dkt. No. 55-1). This version of the proposed Second Amended Complaint names Bernard and Auction.com as defendants, as well as Planet Home. (*See* Dkt. 55-1 ¶¶ 8-10, 34-117.) Plaintiffs also seek to add three new causes of action to their complaint—forgery (*id.* ¶¶ 88-95); an unconstitutional taking under the Fifth Amendment (*id.* ¶¶ 96-105), and securities fraud (*id.* ¶¶ 106-117). Planet Home filed a response in opposition on March 6, 2025 (Dkt. No. 61), to which Plaintiffs filed a reply on the same day (Dkt. No. 61). Accordingly, the motion (Dkt. No. 55) is ripe for consideration.

## II. LEGAL STANDARDS

### A.     Rule 15

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Rule 15(a) favors amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)

(explaining a court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment).

Leave to amend "should not be denied 'unless there is a substantial reason to do so.'" *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). A reason is substantial if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). In the Rule 15 context, an amendment is futile if it "would fail to state a claim for relief upon which relief could be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). And, if the proposed amendment is futile, a district court may deny leave to amend even when a plaintiff is entitled to amend as a matter of course. *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (citations omitted).

**B.   Rule 16**

Rule 16(b)(3)(A) requires that a scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the

Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, a party seeking to amend his pleadings beyond the scheduled deadline must first meet the Rule 16(b)(4) standard before the court evaluates whether the Rule 15(a)(2) standard has been met. *S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

To show good cause, the movant must demonstrate that he "could not reasonably have met the scheduling deadline" despite his diligence. *Grant v. Rathbun*, No. 3:15-CV-4025-D, 2016 WL 1750572, at *2 (N.D. Tex. May 3, 2016) (quoting *Matamoros v. Cooper Clinic*, No. 3:14-CV-442-D, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2015) (internal quotation marks omitted). In determining whether to grant an untimely request to amend, the Court evaluates: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks, citation, and brackets omitted); *see also Grant*, 2016 WL 1750572, at *3.

7

## III.  ANALYSIS

As noted above, the governing pretrial scheduling order established January 24, 2025, as the deadline for amended pleadings and joinder of parties.  (*See* Dkt. No. 34.)  On January 22, 2025, Plaintiffs attempted to file two motions for leave to amend (Dkt. Nos. 49 and 50), both of which were deemed deficient.  (*See* Dkt. No. 52.)  On January 24, 2025, the Court ordered Plaintiffs to correct the deficiency and file the appropriate documents in compliance with the Court's local rules no later than January 29, 2025, at 3:00 p.m.  (Dkt. No. 52.)

**A.     Plaintiffs fail to show "good cause" as required under Rule 16(b).**

On January 30, 2025, at 3:40 p.m., Plaintiffs filed their Motion for Leave to File Second Amended Complaint, attaching a copy of the proposed amendment in compliance with N.D. Tex. Civ. R. 15.1(b), and certifying that they contacted counsel for Planet Home via email on January 29, 2025, to request consent for the proposed First and Second Amended Complaint.  (*See* Dkt. No. 55-1 ("2d Am. Compl.") at 3.)

Planet Home filed a response (Dkt. No. 59), arguing that the motion (Dkt. No. 55) should be denied because it was not timely filed, and because Plaintiffs should not be permitted to amend their complaint with new claims at this stage of the litigation.  (*See* Dkt. No. 59 at ¶¶ 2, 3, 9-14.)  Plaintiffs reply that their delay in meeting the Court's deadline was due to circumstances not under their control, and they should be allowed to pursue these new claims because "they stem from the same set of facts outlined in the original complaint."  (*See* Dkt. No. 61 ¶¶ 2, 3, 5.)

Plaintiffs rely on the liberal policy behind Rule 15(a) towards freely granting leave to amend. (*See* Dkt. No. 55 ¶ 4; Dkt. No. 61 at 6-7.) However, it is the Rule 16(b) standard that governs Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 55). *See S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."); *see also Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Accordingly, the undersigned will consider the four *S&W Enterprises* factors in determining whether to allow Plaintiffs' untimely amendment: (1) Plaintiffs' explanation for failure to timely seek to amend their complaint; (2) the importance of the amendment; (3) the potential prejudice to the Defendant if the amendment was permitted; and (4) the availability of a continuance to cure the prejudice to Defendant. *S&W Enters.*, 315 F.3d at 536. Three of the four *S&W Enterprises* factors weigh against Plaintiffs.

First, Plaintiffs have not provided a satisfactory explanation for the untimely filing of their motion for leave—which was untimely even with the extension granted by the Court. (*See* Dkt. No. 52.) Plaintiffs had until January 29, 2025, at 3:00 p.m. to properly file leave to amend their complaint (*see* Dkt. No. 52), yet they did not file their motion for leave until January 30, 2025 (*see* Dkt. No. 55). Plaintiffs contend that the delay was out of their control because they initiated the conference process at 9:20 a.m. on January 29, 2025, but counsel for Planet Home did not respond until

9

nearly 4:00 p.m., an hour after the Court's deadline. (*See* Dkt. No. 61 ¶ 2.) Plaintiffs assert that the conference was not finalized until 5:26 p.m., when counsel for Planet Home communicated their opposition to the proposed amendment. (*See id.*) The fact that Planet Home's counsel did not respond to Plaintiffs' attempt to confer until later the same day is no excuse for missing the deadline. A same-day response is not unreasonable under the circumstances, but more importantly, Plaintiffs fail to explain why they waited until the deadline date of January 29, 2025, to initiate the conference process, as they had known of their proposed amendment since at least January 24, 2025. (*See* Dkt. No. 53.)

Second, Plaintiffs do not make any specific arguments as to why these new claims are important. (*See* Dkt. Nos. 55, 55-1.) Plaintiffs merely make conclusory assertions that these new causes of action—forgery, unconstitutional taking, and securities fraud—demonstrate that Planet Home "fabricated" loan obligations and "engaged in a broader fraudulent scheme by securitizing Plaintiffs' mortgage," which resulted in the wrongful foreclosure of the Property. (*See* Dkt. No. 55-1 ¶¶ 88-117.) Regardless of merit, Plaintiffs would obviously benefit from asserting these new theories of recovery—if for no other reason than to prolong the lawsuit and avoid foreclosure and removal from the Property. Plaintiffs have previously sought a temporary restraining order and preliminary injunction to prevent their removal from the Property (*see* Dkt. Nos. 4, 5, 56), all of which have been denied (*see* Dkt. Nos. 16, 60). Furthermore, this is Plaintiffs' second lawsuit against Planet Home relating to the Property. *See Abor, et al. v. Frazier, et al.*, Case No. 3:24-cv-00777, 2024 WL

2027477 *1 (N.D. Tex. April 11, 2024) (dismissed without prejudice for lack of subject matter jurisdiction).  Meanwhile, Plaintiff Michaela Abor has filed yet another lawsuit relating to the Property, asserting (among other things) a claim of "fraudulent eviction proceedings" against various Kaufman County officials.  *See Abor v. Russell, et al*, Case No. 3:25-cv-00245.

      Third, the potential prejudice to the Planet Home is significant.  It is now six months into this lawsuit, and Plaintiffs seek to add three new causes of action.  And while Plaintiffs argue that they should be allowed to amend their complaint because "[t]his case is in its early stages" (*see* Dkt. 55 at 1), Plaintiffs have had ample opportunity to amend their complaint, and other discovery deadlines are fast approaching: Plaintiffs' deadline to designate expert witnesses is May 28, 2025; Defendant's deadline to designate expert witnesses is June 27, 2025; all discovery must be completed by deadline July 28, 2025; and the deadline for dispositive motions is August 20, 2025.  (*See* Dkt. No. 34.)  Permitting Plaintiffs to expand the scope of this straightforward wrongful foreclosure lawsuit to assert claims for forgery, securities fraud, and a constitutional violation would only serve to unnecessarily extend the expense and duration of litigation to all parties.

      Fourth, a continuance would not cure the prejudice created for Planet Home.  As mentioned previously, Plaintiffs have had sufficient time to bring their motion for leave to amend but failed to do so prior to the Court's deadline.  Furthermore, Plaintiffs have made multiple attempts to improperly amend their complaint (*see* Dkt. Nos. 35, 49, 50, and 55) and have repeatedly failed to comply with the orders and

local rules of this Court or the Federal Rules of Civil Procedure (*see* Dkt. Nos. 44, 45, 51, and 54). Under these circumstances, further extension of the proceedings is not justified.

Because the importance of one factor does not overcome the weight of three, the undersigned finds that Plaintiffs have not shown good cause for amendment.

**B.     There are also substantial reasons to deny leave under 15(a).**

Even if Plaintiffs could show good cause under Rule 16(b), there is still "substantial reason" to deny leave to amend under the more lenient 15(a) standard. *See Jacobsen v*, 133 F.3d at 318 (Leave to amend "should not be denied unless there is a substantial reason to do so.") (internal citations and quotation marks omitted). A reason is substantial if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *See Foman*, 371 U.S. at 182 (1962). Such is the case here.

Plaintiffs proposed amended claims are futile. To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).

Because the Court's futility analysis parallels an analysis of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the undersigned notes that, "[u]nder that standard, 'a complaint must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face.' [And a] claim is facially plausible if the complaint 'allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); internal quotation marks omitted); *see also Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) ("[T]o survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e))); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("[T]o survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level.") (footnote and internal quotation marks omitted).

Pleadings filed by pro se litigants are to be liberally construed, and pro se complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, pro se litigants are still expected to comply with the rules of pleading. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). And although pro se plaintiffs' well-pleaded factual allegations in complaints are to be taken as true, such deference does not

extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019). A pro se plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Here, Plaintiffs assert a variety of conclusory, unsupported factual allegations and misplaced legal theories to support their forgery, constitutional taking, and securities fraud claims.

Rule 9(b) provides the appropriate pleading standard for Plaintiffs' forgery and fraud causes of action. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Lopez v. Sovereign Bank, N.A.*, No. H-13-1429, 2014 WL 7446746, at *8 (S.D. Tex. Dec. 31, 2014) (explaining that Rule 9(b) applies to claims in which fraud is alleged, even if fraud is not an element of that claim, and applying Rule 9(b) to similar forgery allegations). Rule 9(b) imposes a heightened pleading standard where fraud allegations are at issue, requiring the plaintiff to identify the "who, what, when, where, and how" of the alleged fraud. *Lopez*, 2014 WL 7446746, at *8; *see also ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) (noting that Rule 9(b) requires a plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent").

In this case, Plaintiffs have provided only bare, conclusory statements that Planet Home submitted falsified documents regarding property ownership and alleged loan obligations; fabricated a second alleged loan obligation without

Plaintiffs' knowledge; and transmitted forged documents through mail and electronic means. (*See* 2d Am. Compl. ¶ 89, 92.) Plaintiffs do not identify the "who, what, when, where, and how" of the alleged fraud. *Lopez*, 2014 WL 7446746, at *8. They do not explain what documents were forged or falsified, nor do they allege that their signatures on the Note were forged. As discussed above, Plaintiffs admit they executed the Note (*see* Orig. Compl. ¶ 10; 2d Am. Compl. ¶ 11) and attached a copy of the Note to their Original Complaint (*see* Orig. Compl. Ex. B at 21-22). Furthermore, in their recission letter dated December 1, 2023, Plaintiffs acknowledge that they "signed the contract knowingly" but stated they believed they had the right to cancel or rescind the contract whenever they chose. (*See* Orig. Compl., Ex. D at 24-26.)

With respect to "fabricating a second alleged loan obligation" (2d Am. Compl. ¶ 89), Plaintiffs admit they received notice of servicing transfer from AmCap to Planet Home (*see* Orig. Compl. ¶ 11; 2d Am. Compl. ¶ 12), and the notice clearly explains that the servicing of Plaintiffs' loan, AmCap loan number 7090578163, was being transferred to Planet Home loan number 9102337421 (*see* Orig. Compl., Ex. B at 21-22). Plaintiffs' allegations regarding transmission of forged documents through mail and electronic means similarly lack any factual basis, (*see* 2d Am. Compl. ¶ 89), as Plaintiffs' own pleadings establish that "alleged loan number 9102337421" (*id.*) was the loan number assigned by Planet Home when the loan was transferred by AmCap (*see* Orig. Compl., Ex. B at 21-22).

15

Accordingly, Plaintiffs have failed to plead sufficient facts to illustrate the "who, what, when, where, and how" of any forgery or falsification of documents allegedly committed by Planet Home. *See Grant–Brooks v. WMC Mortgage Corp.*, No. 3:02-CV-2455-AH, 2003 WL 23119157, at *5 (N.D. Tex. Dec. 9, 2003) (dismissing fraud claim where Plaintiff "failed to identify which 'Defendant' perpetrated a fraud against her with respect to the loan agreement she entered into"); *see also Askanase v. Fatjo*, 148 F.R.D. 570, 572 (S.D. Tex. 1993) ("The allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants."). Therefore, Plaintiffs' conclusory allegations fail to satisfy Rule 9(b)'s requirement to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Applying a 12(b)(6)-type analysis, the undersigned concludes that Plaintiffs have not alleged a plausible claim for forgery. Nor does it appear that Plaintiffs can prove any set of facts in support of their forgery claim. *See Stripling*, 234 F.3d 873. Therefore, Plaintiffs' amended claim as to forgery would be futile.

Plaintiffs next assert that Planet Home committed "securities fraud" because it "fail[ed] to disclose critical facts about the securitization process," in violation of "SEC Rule 10b-5(b)," "SEC Rule 10b-5(a) and (c)," and "Section 17(a) of the Securities Act of 1933." (*See* 2d Am. Compl. ¶¶ 107-15.) These statutes cited by Plaintiffs comprise part of the Securities Acts of 1933 and 1934, enacted to provide protection from fraud for investors and were not intended to apply to commercial transactions. *See United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 838 (1975);

*SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946). Other than making vague references to the "securitization process" (*see* 2d Am. Compl. ¶ 107), Plaintiffs fail to explain how their loan and mortgage transaction qualifies as a "security" within the meaning of the Securities Act of 1933, 15 U.S.C. § 77b(1), or the Securities Act of 1934, 15 U.S.C. § 78c(a)(10).[3] For the reasons explained below, the undersigned finds that Plaintiffs' loan does not qualify as a security.

Although section 78c(a)(10) literally applies to "any note" and "investment contract," the Supreme Court has rejected a literal application of these definitions. *See Forman*, 421 U.S. at 838. Instead, the focus should be on the economic realities of the transaction. *Id*. at 849. The test for distinguishing a securities transaction from an ordinary commercial transaction is "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." *Howey*, 328 U.S. at 301, (1946). Applying the *Howey* test, the Fifth Circuit held that a promissory note secured by a deed of trust on real property was not a security because it was issued in the context of an ordinary commercial loan

---

[3] Section 2(1) of the Securities Act of 1933, 15 U.S.C. § 77b(1) defines a "security" as any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing. *Meason v. Bank of Miami*, 652 F.2d 542, 549 n.13 (5th Cir. 1981). The definition of a "security" in section 3(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10) is "virtually identical." *Id*. (citing *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967).

transaction. *Bellah v. First National Bank* 495 F.2d 1109 1113–14 (5th Cir. 1974); *see also United American Bank of Nashville v. Gunter*, 620 F.2d 1108, 1115 (5th Cir.1980) (discussing *Bellah* commercial-investment dichotomy and other Fifth Circuit cases that have followed the same reasoning). Therefore, applying the *Howey–Forman* test, the undersigned concludes that Plaintiffs' loan is not a security under the federal securities laws but rather, an ordinary commercial loan transaction.

In addition, claims brought under § 10(b) are fraud claims, and the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(1), incorporate Rule 9(b)'s heightened standard for pleading fraud. *ABC Arbitrage*, 291 F.3d at 349; *see* 15 U.S.C. § 78u-4(b)(1). Therefore, a plaintiff alleging securities fraud must not only allege the time, place, identity of the speaker, and content of the alleged misrepresentation, but also explain why the challenged statement or omission is false or misleading. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.1997). In this case, Plaintiffs have met none of these requirements, relying solely on conclusory allegations, most of which mirror their "forgery" allegations addressed above. (*See generally* 2d Am. Compl.) As such, the Second Amended Complaint fails to satisfy the pleading requirements of the PSLRA or Rule 9(b), and Plaintiffs' amended claim as to securities fraud would be futile.

Finally, Plaintiffs attempt to argue that Planet Home violated the Fifth Amendment's Takings Clause because Planet Home relied on Texas state law "to justify its foreclosure actions against Plaintiffs." (2d Am. Compl. ¶ 97.) The Takings Clause of the Fifth Amendment provides: "[N]or shall private property be taken for

public use, without just compensation." The aim of the Clause is to prevent the government "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960). The Takings Clause is inapplicable here, as this is a civil suit that does not involve a governmental entity. Plaintiffs' takings claim is therefore futile.

## IV.  RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 55) be **DENIED**; Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. No. 49) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 50) be **DENIED AS MOOT** because Plaintiffs failed to comply with the Court's local rules; and Plaintiffs' First Amended Complaint (Dkt. No. 35) remains the live complaint in this action.

**SO RECOMMENDED** on April 1, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).