UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| C L ABOR and MICHAELA NICOLE ABOR, § § |  |
| Plaintiffs, § |  |
| § |  |
| V. § | No. 3:24-CV-2205-B-BW |
| § |  |
| PLANET HOME LENDING LLC, et al., § |  |
| Defendants. § |  |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. (Doc. 67.) Plaintiff filed objections (Doc. 68), and Defendant Planet Home Lending, LLC, filed a response (Doc. 69). The Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. The objections are **OVERRULED**, and the court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

This is an action involving foreclosure of real property. Plaintiffs C L and Michaela Nicole Abor, proceeding pro se, sought to amend their complaint to add three new causes of action—forgery, an unconstitutional taking under the Fifth Amendment, and securities fraud. (*See* Doc. 55-1 ¶¶ 8-10, 88-117.) Plaintiffs' original complaint, filed on August 27,

2024, asserted claims for breach of contract, fraudulent misrepresentation, slander of title, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), wrongful foreclosure, violation of RESPA, and violation of the Federal Trade Commission Act ("FTCA"). (*See* Doc. 3 ¶¶ 29-74.)

On December 2, 2024, the Court entered a pretrial scheduling order, establishing a deadline of January 24, 2025, for amended pleadings and joinder of parties. (Doc. 34.) On December 5, 2024, Plaintiffs filed their First Amended Complaint (Doc. 35), to which Defendant Planet Home Lending, LLC, timely filed an answer on December 19, 2024 (Doc. 38). Thereafter, Plaintiffs attempted to file two motions for leave to amend (Docs. 49 and 50), both of which were deemed deficient. (*See* Doc. 52.) The Court ordered Plaintiffs to correct the deficiency and file the appropriate documents no later than January 29, 2025, at 3:00 p.m. (Doc. 52.) Plaintiffs did not meet this deadline; instead, they filed their Motion for Leave to File Second Amended Complaint on January 30, 2025, at 3:40 p.m., more than 24 hours after the established deadline. (*See* Doc. 55-1 at 3.)

Contrary to Plaintiffs' first objection, the magistrate judge did not "improperly conflate" Rule 15(a) and Rule 12(b)(6). (*See* Doc. 68 at 3.) As the magistrate judge explained, Federal Rule of Civil Procedure 16(b) is the standard that governs Plaintiffs' Motion for Leave to File Second Amended Complaint, rather than the more liberal policy of Rule 15(a) towards freely granting leave to amend. (*See* Doc. 67 at 9 (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)).) Here, because

2

the deadline for seeking leave to amend pleadings had expired, the Court was required to apply Rule 16(b)(4)'s good cause standard to determine whether to modify the scheduling order. *See S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."); *see also Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). That is precisely what the magistrate judge did in this case. He properly considered the four factors in *S&W Enterprises*—(1) Plaintiffs' explanation for failure to timely seek to amend their complaint; (2) the importance of the amendment; (3) the potential prejudice to the Defendant if the amendment was permitted; and (4) the availability of a continuance to cure the prejudice to Defendant—and reasonably concluded that three of the four factors weighed against Plaintiffs. (*See* Doc. 67 at 9-12.)

Plaintiffs' next objects to the magistrate judge's finding that even under the more lenient Rule 15(a) standard, there was still "substantial reason" to deny Plaintiffs' leave to amend. (*See* Doc. 67 at 12 (citing *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998)).) An amendment that is futile is a substantial reason to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). The magistrate judge

3

properly conducted such a 12(b)(6)-type analysis here and provided detailed reasons with ample legal support for his finding that Plaintiffs' forgery, unconstitutional taking, and securities fraud causes of action accepted as true failed to state a claim to relief that is plausible on its face. (*See* Doc. 67 at 12-19.)

As the magistrate judge explained, Plaintiffs' Second Amended Complaint was rife with conclusory, unsupported factual allegations and misplaced legal theories, and even under the liberal construction that courts generally afford pro se pleadings, *see Erikson v. Pardus*, 551 U.S. 89, 94 (2007), their allegations are insufficient to justify any relief with respect to their forgery, unconstitutional taking, and securities fraud causes of action, *see Ramirez v. Izgur*, 544 F. App'x 532, 533 (5th Cir. 2013) ("Even pro se briefs must make relevant arguments and cite relevant authorities."). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). Accordingly, the Court agrees with the magistrate judge's conclusion that Plaintiffs' forgery, unconstitutional taking, and securities fraud causes of action are futile because they cannot plausibly establish any set of facts sufficient to state a claim.

Finally, Plaintiffs attempt to assert for the first time a violation of their "First Amendment Free Exercise Rights," because their "home served not merely as a residence but as a sacred space dedicated to daily worship, Bible study, and communal gatherings to spread the gospel of Jesus Christ." (*See* Doc. 68 at 11-14.) This claim was not asserted in

4

Plaintiffs' Second Amendment Complaint and was not before the magistrate judge when he made his findings, conclusions, and a recommendation. Because this claim is not present in the Second Amended Complaint (or any previous pleading), it is not properly before the Court. *See, e.g., Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 55) and **DENIES AS MOOT** Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 49) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 50). Plaintiffs' First Amended Complaint (Doc. 35) is therefore the operative complaint in this action.

**SO ORDERED**.

Date: April 29, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE